# EXHIBIT "A"

|  |  |
|---|---|
| **BY: ROBERT S. MILLER, ESQUIRE**<br>rmiller@wapnernewman.com<br>IDENTIFICATION NO. 65854<br>**BY: STEVEN T. BRECHER, ESQUIRE**<br>sbrecher@wapnernewman.com<br>IDENTIFICATION NO. 323111<br>**WAPNER, NEWMAN, BRECHER & MILLER**<br>1628 JFK Boulevard, Suite 800<br>Philadelphia, PA 19103<br>(215) 569-0900 | **THIS IS A MAJOR CASE**<br>**JURY TRIAL DEMANDED**<br>**ASSESSMENT OF DAMAGES**<br>**HEARING IS REQUIRED**<br><br>**Attorneys for Plaintiffs** |
| **MARIA RUBBO** and<br>**ANTHONY RUBBO, her husband**<br>2812 S. Iseminger Street<br>Philadelphia, PA 19148<br>            Plaintiffs,<br><br>                vs.<br><br>**STARBUCKS CORPORATION**<br>2201-2219 S. Broad Street<br>Philadelphia, PA 19149<br>        And<br>**STARBUCKS COFFEE COMPANY**<br>2201-2219 S. Broad Street<br>Philadelphia, PA 19149<br>        And<br>**JOHN DOES**<br>            Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br><br>JUNE TERM, 2025<br><br>NO. |

*Filed and Attested by the Office of Judicial Records 18 JUN 2025 04:02 pm E. BALILOVITS*

## CIVIL ACTION

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>ONE READING CENTER<br>PHILADELPHIA, PA 19107<br>TELEPHONE: (215) 238-6333 | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA<br>SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL<br>ONE READING CENTER<br>FILADELFIA, PA 19107<br>TELÉFONO: (215) 238-6333 |

Case ID: 250602326

**COUNT I**
**(FACTS COMMON TO ALL COUNTS)**

1. Plaintiffs, Maria Rubbo and Anthony Rubbo, her husband, are citizens and residents of the Commonwealth of Pennsylvania, residing therein at the above captioned address.

2. Defendant, Starbucks Corporation, is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

3. At all times material hereto, defendant, Starbucks Corporation, was acting by and through its agents, servants and/or employees, who were then and there acting in the course and scope of their employment with defendant, Starbucks Corporation, under defendant's control and/or right of control.

4. At all times material hereto, defendant, Starbucks Corporation, has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

5. Defendant, Starbucks Coffee Company, is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

6. At all times material hereto, defendant, Starbucks Coffee Company, was acting by and through its agents, servants and/or employees, who were then and there acting in the course and scope of their employment with defendant, Starbucks Coffee Company, under defendant's control and/or right of control.

7. At all times material hereto, defendant, Starbucks Coffee Company, has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

8. At relevant times material hereto, defendant, JOHN DOES, is/are various fictitious and currently unidentified individuals, corporations, companies, estates, entities, successors, estates and/or duly appointed administrators of the defendants, should said defendants be dissolved, and/or deceased, who owned, maintained, controlled, possessed, managed, designed, constructed, warranted, inspected and/or repaired the premises, and/or defendants' employer, and/or responsible for defendant's premises.

9. At all relevant times material hereto, defendant, JOHN DOES, was/were acting individually and by and through its agents, servants and/or employees who were acting then and there in the course and scope of said employment/agency with defendants under defendant's control and/or right of control.

10. JOHN DOES are unknown to plaintiffs at the present but may include but are not limited to: (a) inspectors; (b) architects; (c) builders; (d) contractors; (e) maintenance companies/personnel; and, (f) any entity and/or individuals involved with decision making and/or execution of the design, construction, maintenance, repair and ownership of the said premises.

11. Plaintiffs reserve the right to amend the complaint to reflect the correct legal identity and/or address of any parties referred to herein.

12. At all times material hereto, each respective defendant was the agent, servant and/or employee of each other respective defendant acting then and there in the course and scope of said employment/agency under said respective defendants' control and/or right of control.

13. At all times material hereto, defendant, Starbucks Corporation, owned maintained, controlled, possessed, managed, warranted, repaired a commercial building including the walkways, sidewalks and parking lot located at or near 2201-2219 S Broad St, Philadelphia, PA 19148 (hereinafter "premises").

14. At all times material hereto, defendant, Starbucks Coffee Company, owned maintained, controlled, possessed, managed, warranted, repaired a commercial building including the walkways, sidewalks and parking lot located at or near 2201-2219 S Broad St, Philadelphia, PA 19148 (hereinafter "premises").

15. At all times material hereto, defendant, JOHN DOES, owned maintained, controlled, possessed, managed, warranted, repaired a commercial building including the walkways, sidewalks and parking lot located at or near 2201-2219 S Broad St, Philadelphia, PA 19148 (hereinafter "premises").

16. At all times material hereto, defendant, Starbucks Corporation, is responsible to keep the premises in good repair and safe for use by defendant's customers, visitors, guests, patrons, the general public and invitees including plaintiff, Maria Rubbo.

17. At all times material hereto, defendant, Starbucks Coffee Company, is responsible to keep the premises in good repair and safe for use by defendant's customers, visitors, guests, patrons, the general public and invitees including plaintiff, Maria Rubbo.

18. At all times material hereto, defendant, JOHN DOES, is responsible to keep the premises in good repair and safe for use by defendant's customers, visitors, guests, patrons, the general public and invitees including plaintiff, Maria Rubbo.

19. At all times material hereto, plaintiff, Maria Rubbo, was a lawful, business invitee within said premises.

20. On or about December 8, 2023, at approximately 4:15 p.m., plaintiff, Maria Rubbo, was carefully walking on said premises when she was suddenly and without warning caused to trip and fall by reason of a negligently maintained and/or defective condition on/of said premises,

Case ID: 250602326

as a result of which plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

21.     At all times material hereto, the premises was maintained and managed by the defendant(s) herein, its/their agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control of the defendant(s).

22.     Plaintiffs believe, and therefore avers, defendants, by and through their agents, servants, workmen, independent contractors, inspectors and/or employees, had or should have had actual and/or constructive notice of the existence of the aforementioned dangerous condition which existed on/of said premises for a sufficient time prior to said date and time to have either removed and/or repaired the dangerous condition and/or place sufficient protection and/or warning on said premises.

23.     At all times hereafter mentioned and at the time of the incident complained of, defendants, by and through their agents, employees, officers, staff, administrators, representatives, and servants, were acting jointly and severally with each respective defendant and their respective agents, employees, officers, staff, administrators, representatives, and servants in the operation and management of said premises

24.     At all relevant times material hereto, defendant(s) possessed, controlled and maintained said premises and it was each respective defendants' duty to keep and maintain said premises in a safe condition for its lawful business invitees including plaintiff, Maria Rubbo.

25.     At all relevant times material hereto, defendant(s), acted through its/their owners, officers, agents, ostensible agents, servants, workmen and/or employees, including those identified herein.

26. At all relevant times material hereto, defendant(s) was/were responsible for and did, in fact, determine the competency and qualifications and/or the lack of competency and qualifications of its agents, employees, officers, staff, administrators, representatives, servants, and/or personnel for the job duties and functions for which each was hired to perform.

27. Defendant(s) owed plaintiff a duty to maintain the premises in such a manner so as not to permit and/or create dangerous and unsafe conditions or otherwise expose plaintiff to an unacceptable and unreasonable risk of harm or danger.

28. At all relevant times material hereto, defendant(s) was/were responsible for maintaining the premises in such condition that was safe for business invitees, including plaintiff, Maria Rubbo.

29. The aforementioned incident was caused by the actions and/or inactions on the part of the defendants, the agents, servants and/or employees of the defendants, who were acting in the course and scope of their employment/agency and scope under each respective defendant(s) respective control and/or right of control and authority.

30. The aforementioned incident was caused by the negligence of the defendants herein, their agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

31. As a direct and proximate result of the subject incident, plaintiff, Maria Rubbo, suffered severe and permanent personal injuries and damages as more fully set forth at length below.

32. The wrongful and negligent conduct of defendant, Starbucks Corporation, individually and by and through its agents, servants and employees, consisted of, *inter alia*, the following:

a. Vicarious liability for actions and/or inactions of defendants;

b. Failing to use reasonable care in the maintenance and mitigation of the area where plaintiff's fall occurred;

c. Negligently stacking mats in a manner that created a tripping hazard;

d. Failing to properly secure and store mats in a safe location on the premises;

e. Failing to inspect the placement of mats to ensure they did not create a hazard;

f. Failing to use reasonable care in the arrangement of mats to prevent a tripping hazard;

g. Failing to remove or relocate mats that posed a foreseeable tripping hazard;

h. Failing to maintain safe and unobstructed passageways for invitees;

i. Failing to implement proper procedures for inspecting and securing mats to prevent them from becoming a tripping hazard;

j. Failing to instruct or supervise employees in the proper handling and storage of mats to ensure the safety of invitees;

k. Failing to correct a dangerous condition;

l. Permitting a known dangerous defect and/or condition to exist on the said premises;

m. Permitting a dangerous defect and/or condition to exist on the said premises that would have been discovered with a reasonable investigation;

n. Failing to properly maintain the premises;

o. Failing to warn plaintiff of a dangerous condition and/or defect on said premises;

p. Failing to inspect the said premises;

q. Failing to repair said premises;

r. Failing to properly repair said premises;

s.  Failing to timely repair said premises;

t.  Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company or entity for the maintenance of said premises;

u.  Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company and/or entity for the removal of hazardous conditions on said premises;

v.  Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company and/or entity for the safe construction of said premises;

w.  Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company and/or entity for the repair of said premises;

x.  Allowing said dangerous condition to remain on the premises for an unreasonable period of time;

y.  Failing to take steps to provide for the safety of business invitees such as plaintiff, Maria Rubbo;

z.  Failing to use proper signage within the said premises;

aa. Failing to advise invitees of a dangerous condition on the premises;

bb. Failing to warn plaintiff of a dangerous condition and/or defect on said premises;

cc. Failing to provide a safe and adequate passage;

dd. Causing plaintiff, Maria Rubbo, to slip and fall;

ee. Failing to maintain said premises;

ff. Failing to perform duties in which it assumed;

gg. Failing to properly inspect, repair, maintain the said premise;

  hh. Failing to use due care under the circumstances;

  ii. Negligently permitting hazardous conditions to remain on said premises for an unreasonable period of time;

  jj. Permitting a dangerous condition to exist;

  kk. Failing to timely inspect said premises;

  ll. Failing to properly remove hazards from premises;

  mm. Violating the Restatement of Torts.

33. The wrongful and negligent conduct of defendant, Starbucks Coffee Company, individually and by and through its agents, servants and employees, consisted of, *inter alia*, the following:

  a. Vicarious liability for actions and/or inactions of defendants;

  b. Failing to use reasonable care in the maintenance and mitigation of the area where plaintiff's fall occurred;

  c. Negligently stacking mats in a manner that created a tripping hazard;

  d. Failing to properly secure and store mats in a safe location on the premises;

  e. Failing to inspect the placement of mats to ensure they did not create a hazard;

  f. Failing to use reasonable care in the arrangement of mats to prevent a tripping hazard;

  g. Failing to remove or relocate mats that posed a foreseeable tripping hazard;

  h. Failing to maintain safe and unobstructed passageways for invitees;

  i. Failing to implement proper procedures for inspecting and securing mats to prevent them from becoming a tripping hazard;

j. Failing to instruct or supervise employees in the proper handling and storage of mats to ensure the safety of invitees;

k. Failing to correct a dangerous condition;

l. Permitting a known dangerous defect and/or condition to exist on the said premises;

m. Permitting a dangerous defect and/or condition to exist on the said premises that would have been discovered with a reasonable investigation;

n. Failing to properly maintain the premises;

o. Failing to warn plaintiff of a dangerous condition and/or defect on said premises;

p. Failing to inspect the said premises;

q. Failing to repair said premises;

r. Failing to properly repair said premises;

s. Failing to timely repair said premises;

t. Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company or entity for the maintenance of said premises;

u. Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company and/or entity for the removal of hazardous conditions on said premises;

v. Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company and/or entity for the safe construction of said premises;

w. Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company and/or entity for the repair of said premises;

Case ID: 250602326

x. Allowing said dangerous condition to remain on the premises for an unreasonable period of time;

y. Failing to take steps to provide for the safety of business invitees such as plaintiff, Maria Rubbo;

z. Failing to use proper signage within the said premises;

aa. Failing to advise invitees of a dangerous condition on the premises;

bb. Failing to warn plaintiff of a dangerous condition and/or defect on said premises;

cc. Failing to provide a safe and adequate passage;

dd. Causing plaintiff, Maria Rubbo, to slip and fall;

ee. Failing to maintain said premises;

ff. Failing to perform duties in which it assumed;

gg. Failing to properly inspect, repair, maintain the said premise;

hh. Failing to use due care under the circumstances;

ii. Negligently permitting hazardous conditions to remain on said premises for an unreasonable period of time;

jj. Permitting a dangerous condition to exist;

kk. Failing to timely inspect said premises;

ll. Failing to properly remove hazards from premises;

mm. Violating the Restatement of Torts.

34. The wrongful and negligent conduct of defendant, JOHN DOES, individually and by and through its agents, servants and employees, consisted of, *inter alia*, the following:

a. Vicarious liability for actions and/or inactions of defendants;

b. Failing to use reasonable care in the maintenance and mitigation of the area where plaintiff's fall occurred;

c. Negligently stacking mats in a manner that created a tripping hazard;

d. Failing to properly secure and store mats in a safe location on the premises;

e. Failing to inspect the placement of mats to ensure they did not create a hazard;

f. Failing to use reasonable care in the arrangement of mats to prevent a tripping hazard;

g. Failing to remove or relocate mats that posed a foreseeable tripping hazard;

h. Failing to maintain safe and unobstructed passageways for invitees;

i. Failing to implement proper procedures for inspecting and securing mats to prevent them from becoming a tripping hazard;

j. Failing to instruct or supervise employees in the proper handling and storage of mats to ensure the safety of invitees;

k. Failing to correct a dangerous condition;

l. Permitting a known dangerous defect and/or condition to exist on the said premises;

m. Permitting a dangerous defect and/or condition to exist on the said premises that would have been discovered with a reasonable investigation;

n. Failing to properly maintain the premises;

o. Failing to warn plaintiff of a dangerous condition and/or defect on said premises;

p. Failing to inspect the said premises;

q. Failing to repair said premises;

r. Failing to properly repair said premises;

s. Failing to timely repair said premises;

Case ID: 250602326

t. Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company or entity for the maintenance of said premises;

u. Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company and/or entity for the removal of hazardous conditions on said premises;

v. Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company and/or entity for the safe construction of said premises;

w. Failing to contract and/or retain a professional, responsible and/or reliable employee, contractor, company and/or entity for the repair of said premises;

x. Allowing said dangerous condition to remain on the premises for an unreasonable period of time;

y. Failing to take steps to provide for the safety of business invitees such as plaintiff, Maria Rubbo;

z. Failing to use proper signage within the said premises;

aa. Failing to advise invitees of a dangerous condition on the premises;

bb. Failing to warn plaintiff of a dangerous condition and/or defect on said premises;

cc. Failing to provide a safe and adequate passage;

dd. Causing plaintiff, Maria Rubbo, to slip and fall;

ee. Failing to maintain said premises;

ff. Failing to perform duties in which it assumed;

gg. Failing to properly inspect, repair, maintain the said premise;

hh. Failing to use due care under the circumstances;

    ii.  Negligently permitting hazardous conditions to remain on said premises for an unreasonable period of time;

    jj.  Permitting a dangerous condition to exist;

    kk.  Failing to timely inspect said premises;

    ll.  Failing to properly remove hazards from premises;

    mm.  Violating the Restatement of Torts.

**COUNT II**
**<u>PLAINTIFF, MARIA RUBBO V. DEFENDANTS</u>**

35.    Plaintiffs incorporate by reference all averments set forth as if set forth herein.

36.    As a result of the incident aforementioned, plaintiff, Maria Rubbo, sustained multiple injuries including, but not limited to, post-concussion syndrome, cervical disc injury, cervical sprain and strain, cervical radiculopathy, thoracic disc injury, lumbar disc injury, median entrapment neuropathy, breast injury, as well as other injuries to her bones, cells, tissues, nerves, muscles and functions; and shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

37.    As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

38.    As a further result of defendants' negligence as aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

39. As a result of this accident, plaintiff has suffered an injury which is permanent, irreparable and severe.

40. As a further result of the defendants' negligence, plaintiff was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

41. As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, had she not been so grievously injured.

42. As a result of the aforesaid negligence, plaintiffs incurred associated incidental expenses for which the defendants are liable.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

## COUNT III
## PLAINTIFF, ANTHONY RUBBO V. DEFENDANTS

43. Plaintiffs incorporate the preceding paragraphs as if set forth at length herein.

44. As a result of the injuries sustained by wife-plaintiff, Maria Rubbo, as aforesaid, husband-plaintiff, Anthony Rubbo, has been deprived of the society, companionship and consortium of his wife herein named, and he will be deprived of same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

## COUNT IV
## **PLAINTIFFS V. JOHN DOES**

45.     Plaintiffs incorporate the preceding paragraphs as if set forth at length herein.

46.     Plaintiffs pray for leave of Court to seasonably amend this Civil Action Complaint and name the true identities of the JOHN DOES if and when their true identities and roles in the within matter are ascertained by plaintiffs.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

                         **WAPNER NEWMAN**

BY: _____
        **ROBERT S. MILLER, ESQUIRE**
        **STEVEN T. BRECHER, ESQUIRE**
        Attorneys for Plaintiffs

Case ID: 250602326

# VERIFICATION

    The undersigned, having read the attached which was prepared by my attorneys, hereby verifies that the information contained therein may include information furnished to my attorneys by individuals other than myself; that the language used therein is that of my attorneys, and that to the extent the information set forth therein is not known to me, I have relied upon my attorneys in taking this Verification. Subject to the above limitations, the information contained therein is true and correct to the best of my information, knowledge and belief, subject to the penalties imposed by 18 Pa. C.S. 4904.



Maria Rubbo

Case ID: 250602326